UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA DONAVAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 14-1310 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on remand for further clarification and consideratgion of Petitioner, Joshua Donavan's ("Donavan"), Petition for Writ of Habeas Corpus, which has been construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth herein, his Motion [1] is again DISMISSED for lack of jurisdiction.

FACTUAL BACKGROUND

On August 11, 2011, Donavan pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 and distribution of a controlled substance with death resulting from the use of said substance in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(C) in the United States District Court for the Central District of Illinois. The plea agreement contained a waiver of his right to pursue a direct appeal and collateral attack pursuant to § 2255. He was sentenced to a statutory, mandatory minimum term of 240 months imprisonment on December 9, 2011. No direct appeal to the Seventh Circuit Court of Appeals was pursued.

On June 18, 2012, Donavan filed a § 2255 motion claiming that he had received ineffective assistance of counsel. Confronted by the waivers contained in his plea agreement and a Motion to Dismiss by the Government that outlined the portions of the plea colloquy contradicting the

assertions in the motion, he was allowed to withdraw his motion. Donavan also filed a Motion to Reduce Sentence pursuant to Rule 35(b) which remains pending.

Donavan brought this motion pursuant to § 2255 claiming that his sentence was unlawfully enhanced based on new Supreme Court precedent in *Burrage v. United States*, 134 S.Ct. 881 (2014). The Court originally dismissed the motion, finding that it was successive, barred by the waiver provision of his Plea Agreement, and otherwise without merit. On appeal, the Seventh Circuit remanded for further consideration and clarification of the Court's rulings. This Order follows.

DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.

1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

In this § 2255 motion, Donavan attacks the validity of his sentence and asks this Court to resentence him based on new case precedent that he contends narrows the scope of the crimes of which he was convicted. Specifically, he argues that in the wake of *Burrage*, the failure to determine that his sale of oxycodone was a but-for cause of the death of Ryan Evins renders his plea unknowing and involuntary and prevents him from being guilty of the enhancement that applies to an offense of distributing a controlled substance that resulted in death.

The Court must first address whether the motion is properly before the Court given Donavan's prior § 2255 filing. Donovan's first § 2255 motion was filed on June 19, 2012, claiming ineffective assistance of counsel. The Government moved to dismiss the motion based on his knowing, free, and voluntary waiver of his right to bring a collateral attack on his conviction or sentence, as set forth in the Plea Agreement and colloquy. Donavan responded that his plea was involuntary based on misinformation supplied by counsel, followed by a request to withdraw his motion, stating:

> I recently filed A 2255 Motion to Vacate, Set Aside, or Correct a Sentence by A Person in Federal Custody. At this point I respectfully wish to withdraw my motion. And I would like to apologize for any inconvenience this may have caused the courts. I would also like to request that the courts please find it in their hearts to grant me some relief under Rule 35(B), so I can return home to my family. Thank you for your time and consideration.

Case No. 12-4056, [8]. While Donavan does not expressly state the reason for withdrawing his motion, it is a fair inference that it was withdrawn after he realized that his motion was about to be dismissed pursuant to the reasons stated in the Government's Motion to Dismiss. He did not indicate

- 3 -

any desire to raise additional claims or argue the claims raised more persuasively, and it was approximately 17 months before he filed his next collateral attack.

As the Seventh Circuit has explained, "numerically second filings only trigger the second or successive prohibition if they follow a filing that 'counts' as the prisoner's first (and only) opportunity for collateral review." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011).

> A § 2255 motion need not be adjudicated on the merits to "count" as a prisoner's first motion for AEDPA purposes. *Felder*, 113 F.3d at 697. A prisoner who voluntarily dismisses a § 2255 motion, for instance, may find himself out of luck when he tries to file a second. *Compare Felder*, 113 F.3d at 698 (voluntarily dismissed motion "counts" when dismissed in the face of impending defeat), *with Garrett v. United States*, 178 F.3d 940, 942-43 (7th Cir. 1999) (voluntarily dismissed motions do not "count" when withdrawn for further development before government files response).

*Id.* With this guidance, the Court concludes that Donavan's filing falls closer to the *Felder* side of the line. Donavan sought to withdraw his motion only after receiving the Government's Motion to Dismiss, which cited to relevant portions of the plea colloquy and Plea Agreement. He did not indicate that he wished to obtain further evidence in support of his claims, replead his claims more carefully, or obtain assistance from counsel, nor did he give any reason for his request to suggest that his purpose was anything other than avoiding dismissal on the merits. Donavan did not ask that his withdrawal be without prejudice, and the Court made no express finding that his filing would not "count" as his initial § 2255. When he filed his next § 2255 motion nearly a year and a half later, his claims were different and based on new law. Accordingly, the Court finds that the present § 2255 motion is successive. The Court therefore lacks jurisdiction to consider the filing on the merits without prior authorization from the Court of Appeals.

Donavan would also appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence.

While Donavan does assert that he should be resentenced, he makes no attempt to avoid the impact of this waiver by presenting any evidence indicating that but for his counsel's ineffective assistance, he would not have entered into the plea agreement. So long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. *Id.*, *citing United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996); *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Nelson*, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

However, this circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones*, 167 F.3d at 1144-45; *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). Donavan does not contend that he received ineffective assistance of counsel in connection with the negotiation of the waiver. To the contrary, he signed the Plea Agreement containing the waivers and affirmed that his acceptance of the waivers was made knowingly and voluntarily in order to receive the benefits under the agreement.

The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 690.

To satisfy *Strickland*'s prejudice prong in this case, Petitioner must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he

- 5 -

would not have entered the guilty plea and would have insisted upon going to trial. *United States v. Woolley*, 123 F.3d 627, 635 (7th Cir. 1997). "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" *United States v. Ryan*, 986 F.Supp. 509, 513 (N.D.Ill. 1997), *citing Key*, 806 F.2d at 139; *see also McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

Here, there are no specific factual assertions to the effect that Donavan's attorney rendered ineffective assistance in negotiating his plea agreement. He does not argue that but for the purportedly misleading advice of counsel, he would have rejected the plea offer and insisted on going to trial and does not ask to set aside his plea agreement.

The written plea agreement contained an express waiver of the right to collateral attack.

> 12. The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly

>and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Paragraph 26 of the Plea Agreement further contained a stipulation of the factual basis for the plea.

>26. On February 24, 2010, Gaylord sold approximately 12 oxycodone pills he had received from Donavan to an individual at his residence in Moline. That individual delivered approximately seven of the pills to Ryan Evins, which he ingested **causing his death**.

(Emphasis added). In executing the Plea Agreement, Donavan further affirmed:

>32. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Furthermore, a review of the transcript of the plea hearing reveals that, after a detailed discussion of the maximum sentence he could face depending on the nature of any past criminal conduct, Donavan received a lengthy explanation of the waiver provision and its consequences during the plea colloquy. As set forth below, this explanation was more than sufficient to remedy any misinformation (or lack of information) that may have been provided by his counsel with respect to the waiver provisions, and hence, he has failed to demonstrate actual prejudice under *Strickland*. This same dialogue also demonstrates the knowing and voluntary nature of Donavan's waiver and guilty plea, as well as his competency.

When the Court accepted Donavan's guilty plea, it held a lengthy change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986). Rule 11 also provides for a colloquy that "exposes the defendant's state of mind in the record through personal interrogation." *Id.*, citing *United States v. Fountain*, 777 F.2d 351, 356 (7th Cir. 1985). This aspect of the Rule 11 hearing is especially important with respect to subsequent collateral proceedings, because the representations made by the defendant during a plea colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding. *Id.*, citing *Thompson v. Wainwright*, 787 F.2d 1447 (11th Cir. 1986); *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 1629 (1977). Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 97 S.Ct. at 1629.

After a careful review of the transcript of Petitioner's Rule 11 hearing, the Court finds that he has failed to overcome the strong presumption of verity which attached to the statements of voluntariness and understanding that he made during that hearing. The pertinent portion of the record reveals the following colloquy between Donavan and the Court after he was placed under oath:

Court:       How far did you go in school?

Defendant:   Ninth grade.

Court:       Can you read and write?

Defendant:   Yes, sir.

Court:       Are you in good health?

| | |
|---|---|
| Defendant: | Yes, sir. |
| Court: | Have you been treated for any mental illness? |
| Defendant: | No. |
| Court: | Are you taking any medications? |
| Defendant: | I take a sleeping aid at night, and that's it. |
| Court: | Are you taking the prescribed dosages of that medication? |
| Defendant: | Yes, sir. |
| Court: | Is there anything about that medication making it so you do not understand what you're doing today? |
| Defendant: | No, sir. |
| Court: | Are you under the influence of any drugs or alcohol as you stand here today? |
| Defendant: | No, sir. |
| Court: | Okay, Mr. Donavan, have you received a copy of the charges against you? |
| Defendant: | Yes, sir. |
| Court: | And have you gone over them with your attorney, Mr. Robertson? |
| Defendant: | Yes, sir. |
| Court: | And is this your signature on page 16 of the plea agreement? |
| Defendant: | Yes, sir. |
| Court: | And does this plea agreement, as far as you're aware, represent the entire understanding you have with the government? |
| Defendant: | Yes, sir. |
| Court: | Has anybody made any promises to you other than what's in the plea agreement here to get you to plead guilty? |
| Defendant: | No, sir. |

Court:      Do you believe you understand the terms of the plea agreement?

Defendant:  Yes, sir.

* * *

Court:      You'll plead guilty to Count I and Count II of the indictment. Count I of the indictment charges you with a conspiracy to distribute oxycodone and methadone in violation of the United States Code, and Count II charges you with distribution of oxycodone in violation of United States Code.

To sustain the charges against you, the United States must prove the following propositions beyond a reasonable doubt: As to Count I, conspiracy to distribute oxycodone, they would have to prove, first, the conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, existed; second, that you knowingly became a member of the conspiracy with an intention to further the conspiracy.

And in Count II, distribution of oxycodone, the government would have to prove beyond a reasonable doubt, first, that you distributed a quantity of oxycodone, a Schedule II controlled substance; second, that you did so knowingly or intentionally; third, that you knew the substance was a controlled substance; and forth, that death or serious bodily injury resulted from the use of that substance.

Mr. Donavan, do you understand those charges against you?

Defendant:  Yes, sir.

Court:      And do you understand the elements of each of the charges against you that the government would have to prove?

Defendant:  Yes, sir.

* * *

Court:      Mr. Donavan, the potential penalties as it pertains to you in Count I would be a mandatory minimum term of 20 years and a maximum term of life imprisonment, a minimum term of three years and a maximum term of life supervised release, a maximum fine of $1 million and a $100 mandatory special assessment.

The potential penalties for Count II – these are statutory potential penalties – a mandatory minimum term of 20 years and a maximum

|  |  |
|---|---|
|  | term of life in prison, a minimum term of three years and a maximum term of life supervised release, a maximum fine of $1 million and a $100 mandatory special assessment. |
|  | You need to further understand that the sentences in each count on which you're pleading guilty could be ordered to serve consecutively; and that is one after another. Consequently, the maximum possible sentences which could be imposed on the combined counts is a manfatory minimum term of 40 years in prison and a maximum term of life in prison, a maximum fine of $2 million, a minimum term of three years and a maximum term of life supervised release and a $200 mandatory special assessment. |
|  | Do you understand the potential penalties that you face for your please to Counts I and II? |
| Defendant: | Yes, sir. |

\* \* \*

| | |
|---|---|
| Court: | Both of you need to understand that your plea is to a felony offense and, therefore, you may be – have a loss of valuable civil rights, and that would be the right vote, to hold public office to serve on a jury, the right to possess any kind of a firearm? |
| | Do you understand that, Mr. Donavan? |
| Defendant: | Yes, sir. |

\* \* \*

| | |
|---|---|
| Court: | Furthermore, you have a right – both of you – to persist in your plea of not guilty to the charges and to proceed to trial by jury. At trial, you would be presumed innocent of the charges against you. The Government would have to prove your guilty beyond a reasonable doubt as to each member of a jury composed of 12 persons. You would have the right to confront and cross-examine witnesses against you, the right to the assistance of counsel for your defense. If you chose not to testify or no to compel witnesses, these facts could not be used against you. |
| | Mr. Donavan, do you understand all of these rights? |
| Defendant: | Yes, sir. |

\* \* \*

| | |
|---|---|
| Court: | Do you understand that by pleading guilty you will be waiving these rights? |
| Defendant: | Yes, sir. |

\* \* \*

| | |
|---|---|
| Court: | Is there a factual basis for the plea? |
| Mr. Mehochko: | Judge, if this case proceeded to trial, the government would present witnesses and evidence to show that these two defendants did knowingly, intentionally agree and conspire with each other and others to distribute controlled substances, namely oxycodone. |

As part of that conspiracy, Defendant Donavan received oxycodone from several sources on a regular, ongoing basis on the mutual understanding that he would pay for those drugs from a portion of the proceeds after he sold them to others.

During the time period alleged in the indictment, Defendant Donavan bought, sold and distributed increasingly larger amounts of oxycodone in the Moline, Illinois, area. The government would show that the Defendant Donavan sold oxycodone to other dealers, including Defendant Gaylord, as well as directly to oxycodone users. Defendant Donavan also allowed Defendant Gaylord and his other customers to purchase oxycodone on credit, on a front basis.

For example, from at least August of 2009 through February 25th of 2010, Defendant Donavan sold up to 100 pills of oxycodone to Defendant Gaylord on a weekly basis in Moline.

Government would further show that on February 24th of 2010, Defendant Gaylord sold approximately 12 oxycodone pills he had received from Defendant Donavan to an individual at that individual's residence in Moline. The government would also show that that individual delivered approximately seven of those pills to Ryan Evins, and that Ryan Evins ingested those pills, causing his death.

\* \* \*

|               |                                                                                                                                                                                                      |
|---------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|               | Government would also show, of course, that the defendant knew the substance involved in these transactions was oxycodone and that oxycodone is a controlled substance.                             |
| Court:        | Thank you. Mr. Robertson, do you believe the government can produce that evidence against Mr. Donavan?                                                                                               |
| Mr. Robertson: | Yes, Your Honor. We believe that the supplier – there was only one supplier of oxycodone to Mr. Donavan, not several, but that would not affect any of the elements or his substantive guilt.       |
| Court:        | Okay. And, Mr. Donavan, did you hear the recitation of facts that Mr. Mehochko set forth?                                                                                                            |
| Defendant:    | Yes, sir.                                                                                                                                                                                            |
| Court:        | And with the comment from your attorney, are those the correct assertions of the facts in the case against you?                                                                                      |
| Defendant:    | Yes, sir.                                                                                                                                                                                            |
| Court:        | And these facts, are they the basis for your plea of guilty?                                                                                                                                         |
| Defendant:    | Yes, sir.                                                                                                                                                                                            |

* * *

| Court:     | Okay. All right. I also note in the plea agreement that there's cooperation as it pertains to both of you, and it says as a condition of the plea agreement that you'll cooperate with law enforcement officials in the investigation and prosecution of other individuals. It sets forth how you'll do this. If you do that and if the government believes that you've complied, they will inform me of the extent of your cooperation. |
|            |                                                                                                                                                                                                                                                                                                                                                                                                                                          |
|            | Do you understand that, Mr. Donavan?                                                                                                                                                                                                                                                                                                                                                                                                     |
| Defendant: | Yes, sir.                                                                                                                                                                                                                                                                                                                                                                                                                                |

* * *

| Court: | Do you understand that the extent that they inform me is entirely up to them, and whether or not they inform me of the extent of your cooperation is entirely up to the government? |
|        |                                                                                                                                                                                      |
|        | Mr. Donavan, do you understand that?                                                                                                                                                 |

Defendant:   Yes, sir.

\* \* \*

Court:   Okay. Furthermore, I noted that you have – as part of this plea agreement, on page five there's a notice – five as to Mr. Gaylord, four as to Mr. Donavan – there's a Notice of Prior Drug Conviction. In other words, the government is indicating that you're waiving any right that you may have that the government has to file a notice stating in writing the prior felony drug conviction that you have that might support any enhanced sentence.

Mr. Donavan, do you understand that?

Defendant:   Yes, sir.

\* \* \*

Court:   Furthermore, you have rights of appeal generally, and you – but you can given those us. Page six as to Mr. Gaylord, page five as to Mr. Donavan. Indicates that you are aware, Mr. Donavan, of your right to appeal the conviction or sentence of the Court, but that you are knowingly and voluntarily waiving that right of appeal. Furthermore, there might be other reasons to collaterally attack any conviction or sentence, either by allegation of ineffective assistance of counsel, that I wasn't with jurisdiction or somehow the sentence was otherwise subject to collateral attack.

Are you aware that you have these rights?

Defendant:   Yes, sir.

Court:   And is it your desire to waive those rights as part of the plea agreement?

Defendant:   Yes, sir.

\* \* \*

Court:   Okay. Gentlemen, finally, I will not be able to determine your sentence until after – and I will determine it based upon a combination of advisory sentencing guidelines, possible authorized departures or variances from those guildelines and other statutory sentencing factors.

Mr. Donavan, have you talked with Mr. Robertson about how these guidelines may apply to your case?

Defendant:   Yes, sir.

- 14 -

Court: Mr. Robertson, could you tell me, please, what you estimate the guidelines could be in this case, given the statutory minimums in effect here as well?

Mr. Robertson: Your Honor, I think the statutory mandatory minimum will be the bottom of the guideline range. I base that on my belief that Mr. Donavan will start out at Level 38; and with credit for a plea and timely credit, he'll be at Level 35. I believe his criminal history level to be One, which would put him somewhere around 168 to 210 months. Therefore, my statement that the mandatory minimum will drive this sentence initially.

\* \* \*

Court: Okay. To both of you, though, still you must understand that I won't be able to determine the guideline range until after a presentence report has been completed and you and the government have had an opportunity to review and challenge the report and the application of the guidelines as recommended by the probation office, and the sentence ultimately imposed may be different from any estimate your attorney may have given you.

Mr. Donavan, do you understand that?

Defendant: Yes, sir.

\* \* \*

Court: And finally, after the initial advisory guideline range has been determined, I have the authority in some circumstances to depart or vary upward or downward from that range, and that may result in a sentence that is greater or lesser than the advisory guideline sentence.

Mr. Donavan, do you understand that?

Defendant: Yes, sir.

\* \* \*

Court: After any sentence – if sentenced to the Bureau of Prisons, you'll be released on a period of supervised release, and it has its own terms and conditions. And any violation of those could mean that your supervised release period could be revoked, and you could be returned to the Bureau of Prisons.

Mr. Donavan, do you understand that?

Defendant: Yes, sir.

\* \* \*

Court:      Mr. Donavan then, with that in mind, how do you plead to Count I, conspiracy to distribute oxycodone?

Defendant:  Guilty, Your Honor.

Court:      And with regard to Count II, distribution of oxycodone?

Defendant:  Guilty.

\* \* \*

Court:      Mr. Donavan, do you have any questions?

Defendant:  No, Your Honor.

\* \* \*

Court:      Okay. Then it is the finding of the Court that both Mr. Donavan and Mr. Gaylord are fully competent and capable of entering an informed plea, that both Mr. Donavan and Mr. Gaylord are aware of the nature of the charges and the consequences of the plea, that the plea of guilty is knowingly and voluntarily made, supported by a factual basis as to each of them containing each of the essential elements of the offenses to which they are pleading. The plea is accepted, and they are now adjudged guilty of those offenses.

(Transcript of 8/11/11 Change of Plea Hearing, 4-27)

Contrary to any suggestion by Donavan, neither counsel nor the Court could have advised him regarding the "but-for" cause of death language set forth in *Burrage* at the time of his plea colloquy, as that case would not be decided for more than two years after the entry of his plea. It is therefore unclear how a subsequent change in the law could render an otherwise completely voluntary and knowing waiver involuntary. Moreover, both the written factual stipulation in the Plea Agreement and the verbal factual basis presented during the plea colloquy stated that the oxycodone was ingested by Evins and caused his death. In this respect, the allegations are different than those found insufficient in *Burrage*, where the defendant went to trial and the government alleged only that

his actions contributed to or were a factor in the death of the individual. Donavan specifically conceded that Evins' ingestion of the oxycodone caused his death. Accordingly, the Court finds that the claim asserted in the present § 2255 motion is barred by his knowing and voluntary waiver of his right to bring a collateral attack on his conviction and/or sentence, as well as without merit.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that Donavan's claims were not either successive without permission from the Court of Appeals, barred from consideration by a valid waiver in his plea agreement, or futile. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons stated herein, the Government's Motion to Dismiss [12] is again GRANTED, and Donavan's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [1] is again DISMISSED for lack of jurisdiction. This matter is now terminated.

ENTERED this 3rd day of February, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge