UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joshua R. Donavan,   Case No. 17cv1144 (PAM/KMM)

   Petitioner,

v.   **MEMORANDUM AND ORDER**

T.G. Werlich, Warden,

   Respondent.

---

This matter is before the Court on Respondent's Objections to the Report and Recommendation ("R&R") of Magistrate Judge Katherine M. Menendez dated August 6, 2019. (Docket No. 99.) The R&R recommends granting Petitioner Joshua R. Donavan's 18 U.S.C. § 2241 petition and vacating his conviction and sentence. For the following reasons, the Court declines to adopt the R&R.

## I. BACKGROUND

The full factual background in this matter is set forth in the thorough R&R and will not be repeated here. Facts necessary to an understanding of the legal discussion will be incorporated into the discussion below.

The R&R determined that Donavan did not enter his guilty plea knowingly because he was not on notice that the Government would have had to prove that the victim would not have died but for Donavan distributing the drugs. See 21 U.S.C. § 841(b)(1). Accordingly, the R&R found his conviction and sentence unconstitutional.

This case involves the application of the Supreme Court decision in <u>Burrage</u>, which held that any conviction for causing death by distributing drugs must be supported by but-for causation. <u>Burrage v. United States</u>, 571 U.S. 204, 209 (2014). In other words, to convict a defendant under § 841(b)(1), the Government must prove that the victim would not have died but for the defendant's drug distributing activities.

Plaintiff Joshua Donavan pled guilty to distributing the drugs that caused Ryan Evins' death. Donavan entered the plea in 2011, before <u>Burrage</u> issued. He now contends that <u>Burrage</u> changed the state of the law such that his pre-<u>Burrage</u> plea was not knowing and voluntary.

## II. DISCUSSION

The Government first contends that Donavan procedurally defaulted on his claim by not raising it on direct appeal. <u>See</u> <u>Bousely v. United States</u>, 523 U.S. 614, 621 (1998). Donavan asserts that the Government waived that argument by not raising it before the Magistrate Judge. But the Government did raise the argument and it is not waived. (Docket Nos. 84, 93, 103.) Ultimately, however, whether Donavan's claim is procedurally barred is irrelevant, because it fails on the merits regardless.

The R&R found that but-for causation is not the plain meaning of "results from" in § 841 of the Controlled Substances Act. <u>See</u> 21 U.S.C. § 841(b)(1). The R&R accordingly determined that the plea agreement and colloquy did not show that Donavan was informed of the requisite but-for causation element, invalidating his plea and sentence. (R&R at 7.) The Court disagrees.

2

Donavan argues that Burrage's but-for causation standard, which applies retroactively, renders his plea unconstitutional because he was not aware that the Government would have had to prove beyond a reasonable doubt that the drugs he distributed were the but-for cause of the victim's death. Burrage, 571 U.S. at 209. The Government claims that but-for causation was the Seventh Circuit's standard at the time of Donavan's plea, rendering his guilty plea knowing and intelligent and his sentence constitutional.

The Controlled Substances Act contains a "death results" enhancement, which imposes a harsher penalty when "death or serious bodily injury results from the use of [the distributed] substance." Burrage, 571 U.S. at 209 (quoting 21 U.S.C. § 841(b)(1)(A)-(C). But "[t]he [] Act does not define the phrase 'results from,' so we give it its ordinary meaning." Id. at 210. "Where there is no textual or contextual indication to the contrary, courts regularly read phrases like 'results from' to require but-for causality." Id. at 212. Therefore, the "results from" language in the Controlled Substances Act implies but-for causation.

Moreover, precedent supports this plain meaning definition of "results from." For example, in Donavan's codefendant's case, the Seventh Circuit determined that "[t]his but-for causation standard was already the law in our Circuit at the time of Gaylord's sentencing." Gaylord v. United States, 829 F.3d 500, 504 (7th Cir. 2016). The most recent Seventh Circuit case to address this issue also found that Burrage "effectively ratified" the Circuit's pre-existing but-for causation as the standard in § 841 death-results enhancement cases. Perrone v. United States, 889 F.3d 898, 902 (7th Cir. 2018). Another case in this

3

District, Crayton v. United States, Civ. No. 18-402, 2019 WL 4345663, at *1 (D. Minn. Sept. 12, 2019) (Frank, J.), recently explained that the Seventh Circuit required but-for causation in § 841 cases by 2010, before Donavan entered his plea. (Crayton Letter (Docket No. 105).)

Accordingly, the plea agreement and colloquy establish that Donavan was on notice regarding the death-results enhancement's standard of causation. His plea agreement stated that the Government would have to prove that "death or serious bodily injury resulted from the use of" the oxycodone pills that Donavan distributed to Evins caused his death. (Plea Agreement (Docket No. 94-2) at 14.) And at the plea hearing, Donavan agreed to the factual basis that he distributed the oxycodone pills and that the victim ingested the pills, "causing his death." (Hr'g Tr. (Docket No. 94-3) at 4-5.) Therefore, the language in the plea agreement demonstrates that Donavan was on notice as to what the Government would have to prove, making his plea knowing and voluntary. Donavan's challenge to the constitutionality of his plea and sentence fail.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **DECLINES** to adopt the R&R (Docket No. 99); and
2. Petitioner Joshua R. Donavan's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**.

Date: February 11, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge